UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kay Walberg, as Trustee for the heirs of Mark Walberg,

Civ. File No. 01-62 (PAM/RLE)

Plaintiff,

v.

**MEMORANDUM AND ORDER**

Department of Veterans Affairs,

Defendant.

---

This matter is before the Court on Defendant's Motion to Dismiss for lack of subject matter jurisdiction in this Federal Tort Claims Act case. For the reasons that follow, the Motion is granted.

**BACKGROUND**

Plaintiff Kay Walberg is the trustee for the heirs of Mark Walberg. Beginning in 1997, Mr. Walberg was treated at Veterans Administration hospitals in St. Cloud and Minneapolis for conjunctival melanoma. The cancer eventually metastasized and led to Mr. Walberg's death in 1999. This lawsuit was commenced in January 2001.

Defendant seeks a dismissal of the lawsuit, contending that Plaintiff has failed to meet the requirements of Minn. Stat. § 145.682 for expert affidavits. Specifically, Defendant asserts that Plaintiff's expert witness, Dr. Charles Cobau, is not qualified to render an opinion

SEP 12 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD SEP 12 2002
DEPUTY CLERK

on cancers of the eye and also that Plaintiff's expert's report is insufficient to meet the statute's requirements of delineating the standard of care and causation. Defendant also contends that the report fails to meet the requirements of Fed. R. Civ. P. 26(a)(2)(B). According to Defendant, because Plaintiff has failed to meet the requirements of Minnesota law for a medical malpractice claim, there is no waiver of sovereign immunity under the Tort Claims Act and this Court has no subject matter jurisdiction over the case. See 28 U.S.C. § 1346(b).

## DISCUSSION

### A. Rule 26(a)(2)(B)

Defendant seeks a dismissal of this lawsuit in part because of Plaintiff's failure to comply with the requirements of Rule 26(a)(2)(B). According to Defendant, Plaintiff's Rule 26 disclosures were deficient with respect to her expert witness, Dr. Cobau, because those disclosures did not include the compensation paid to the witness, any other cases in which the witness has testified, and what exhibits the witness expects to use at trial. Plaintiff concedes that the original disclosures did not contain this information. She seeks leave of Court to file an untimely supplemental report with that information and has sent that supplemental report to the Court.[1]

---

[1] Both the original expert "affidavit" and the supplemental "report" are actually in the form of letters from Dr. Cobau to Plaintiff's counsel.

The Court will allow Plaintiff to supplement her expert witness's report. The supplemental report cures some of the technical deficiencies noted by Defendant, but does not cure all of the deficiencies, and Plaintiff has not explained the failure to cure all deficiencies. Most troubling is that neither of the submissions by the expert appear to have been signed under oath. However, even this deficiency is relatively easy to cure, and the Court will not dismiss the lawsuit on this basis.

**B. Expert Witness's Qualifications**

Defendant next challenges the qualifications of Plaintiff's expert. According to Defendant, although Plaintiff's expert witness is an oncologist, he has no experience with cancers of the eye or conjunctival cancers and thus is not qualified to render an opinion on the acceptable standard of care. Minnesota law requires as a prerequisite to filing a medical malpractice claim that the attorney for the plaintiff submit an affidavit averring that the facts of the case have been reviewed by an expert "whose qualifications provide a reasonable expectation that the expert's opinions could be admissible at trial." Minn. Stat. § 145.682, subd. 3(a). The qualifications requirement also applies to the expert who provides the expert affidavit required by subdivision 4 of section 145.682. Teffeteller v. Univ. of Minn., 645 N.W.2d 420, 427 (Minn. 2002). In order to meet the qualifications requirement, an expert witness must have both sufficient scientific knowledge of and practical experience with the offered testimony. Cornfeldt v. Tongen, 262 N.W.2d 684, 692 (Minn. 1977). Defendant argues that Dr. Cobau's utter lack of experience with cancers of the eye renders his opinion

inadmissible and requires dismissal with prejudice of Plaintiff's case. Minn. Stat. § 145.682, subd. 6.

Plaintiff does not effectively respond to this argument. Plaintiff recites Dr. Cobau's credentials, which include general oncology work with a focus on breast cancer. Plaintiff does not, however, contend that Dr. Cobau has any experience with ocular cancers.

The Teffeteller case makes very clear that, under Minnesota law, a court should dismiss a case if the expert is not qualified to render an opinion. In Teffeteller, a 14-year-old bone-marrow transplant patient suffered morphine toxicity and died. The plaintiff's expert was a physician with impressive credentials in pediatrics and pediatric critical care. The Minnesota Supreme Court upheld the dismissal of the case because the expert did not have any specific experience with bone-marrow transplants and pediatric oncology. Teffeteller, 645 N.W.2d at 427-28. Like the expert in Teffeteller, Dr. Cobau does not have the specific experience necessary to render a qualified opinion on ocular cancers in general and conjunctival melanoma in particular.

### C. Standard of Care and Causation

Even if Dr. Cobau's credentials suffice to meet Teffeteller's rather strict requirements, however, his affidavit is insufficient to comply with Minnesota law. The affidavit does not specifically state the required standard of care and offers only general conclusions as to causation. Also, as Defendant points out, the affidavit is contradictory, because it states that

the treatment plan for Mr. Walberg was "in line with current practice." Thus, the affidavit appears to conclude that there was no malpractice in Mr. Walberg's treatment.

The Minnesota Supreme Court has outlined "a number of essential elements that must be included in the [expert's] affidavit to avoid dismissal." Teffeteller, 645 N.W.2d at 428. In particular, the affidavit must:

> (1) disclose specific details concerning the expert's expected testimony, including the applicable standard of care, (2) identify the acts or omissions that the plaintiff alleges violated the standard of care, and (3) include an outline of the chain of causation between the violation of the standard of care and the plaintiff's damages.

Id. The court has not hesitated to uphold dismissals in cases involving broad and conclusory statements about causation, Lindberg v. Health Partners, Inc., 599 N.W.2d 572, 578 (Minn. 1999), or where the affidavit contained only "empty conclusions" such as "failed to properly evaluate" or "failed to properly diagnose." Sorensen v. St. Paul Ramsey Med. Ctr., 457 N.W.2d 188, 192-93 (Minn. 1990).

In Stroud v. Hennepin County Med. Ctr., 556 N.W.2d 552 (Minn. 1996), the court made clear that the requirements of section 145.682 are not mere formalities. The court stated that the affidavit "should set out how the expert will use [the] facts to arrive at opinions of malpractice and causation." 556 N.W.2d at 555. In this case, Dr. Cobau's affidavit does not comply with the section 145.682, as interpreted by the Minnesota Supreme Court. The affidavit contains very little about causation. As with the affidavits struck down in Lindberg, Sorensen, and other cases, Dr. Cobau's affidavit states merely that "the above

referenced breaches in the standard of care for conjunctival melanoma more probably than not contributed to the demise of the deceased." This sort of broad and conclusory statement is not sufficient to survive dismissal under Minnesota law.

**CONCLUSION**

Because Plaintiff has failed to comply with the requirements of Minnesota law, there is no waiver of sovereign immunity under the Tort Claims Act and this Court lacks subject matter jurisdiction over this case.

Accordingly, based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Clerk Doc. No. 19) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 12, 2002

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*